O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7811 AHM (SHx) | Date | November 10, 2010 |
|---|---|---|---|
| Title | ROBERT M. WHITE v. ONE WEST BANK, FSB, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:** IN CHAMBERS (No Proceedings Held)

On October 19, 2010, Plaintiff filed this action based on both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Complaint ¶¶ 6-7. However, neither federal question jurisdiction nor diversity jurisdiction is evident from the face of the Complaint.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### Federal Question Jurisdiction

A federal court has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331. Here, Plaintiff fails to allege a claim that arises under federal law. However, Plaintiff's four causes of action, for (1) estoppel/declaratory judgment, (2) declaratory judgment, (3) quiet title, and (4) refund, fees, and costs, all arise under California law.

Furthermore, Plaintiff claims jurisdiction because "[o]ne or more parties to this action are national associations or institutions federally regulated under 12 U.S.C. §§ 2601 et seq." Complaint ¶ 7. However, while Plaintiff appears to be referring to RESPA, the Real Estate Settlement Procedures Act, Plaintiff does not state a cause of action under RESPA. None of Plaintiff's causes of action, therefore, arise under federal law.

### Diversity Jurisdiction

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7811 AHM (SHx) | Date | November 10, 2010 |
|---|---|---|---|
| Title | ROBERT M. WHITE v. ONE WEST BANK, FSB, et al. | | |

A federal court also has original jurisdiction over a civil matter "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different State." 28 U.S.C. § 1332(a). A "corporation [is] deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." *Id.* at 1332(c)(1). For diversity jurisdiction to exist, all plaintiffs must be of different citizenship than all defendants. WILLIAM A. SCHWARZER, ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL, ¶ 2:332 (2010). "Any instance of common citizenship prevents federal diversity jurisdiction. *Id*.

Here, Plaintiff properly alleges that he is a citizen of California. Complaint ¶ 1. He also properly alleges that "Defendant, One West Bank, FSB (hereinafter 'One West') is a federally chartered corporation, with its principal place of business in Pasadena, California and at all times relevant herein was doing business in the State of California." *Id*. ¶ 2. Plaintiff further alleges Defendant Mortgage Capital Associates is a California corporation with its principal place of business in California and at all times relevant to the action was conducting business in California, and that Defendant Mortgage Electronic Registration Systems, or "MERS," is a Delaware Corporation with its principal place of businesses in Virginia, who "at all time [sic] relevant herein was doing business in the State of California." *Id*. ¶¶ 3-4. Thus, because Plaintiff is a citizen of California, and two of the three Defendants are citizens of California, not all defendants are of different citizenship than Plaintiff. Plaintiff's allegations, therefore, do not conclusively establish diversity jurisdiction.

Accordingly, and good cause appearing therefor, the Court hereby ORDERS Plaintiff TO SHOW CAUSE on or before November 17, 2010, why this action should not be dismissed for lack of federal question and lack of diversity jurisdiction.

Failure to respond on or before that date will be construed as consent to dismissal.

|  | : |
|---|---|
| Initials of Preparer | SMO |